Norman Lee **FREEMAN**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 24089.

United States Court of Appeals
Fifth Circuit.

Nov. 3, 1967.

---

Edward G. Rubinoff, Preddy, Haddad & Kutner, Miami, Fla., for appellant.

Clinton Ashmore, U. S. Atty., Stewart Jack Carrouth, Asst. U. S. Atty., Tallahassee, Fla., for appellee.

Before BROWN, Chief Judge, and COLEMAN and SIMPSON, Circuit Judges.

PER CURIAM:

Appellant was convicted by a jury of and duly sentenced for a violation of the Dyer Act, 18 U.S.C.A. § 2312. He purchased an automobile in Chicago, making payment with a check which was subsequently dishonored as being drawn on a closed account. The vehicle was recovered in Pensacola, in the possession of a business associate of the appellant.

It is here contended that appellant should have been awarded a directed verdict of acquittal on the theory that the proof failed to show participation in the unlawful transportation. It is further argued that reversible error appears in the jury charge.

No exception was taken to the charge other than to allusions to the inference which might be drawn from recent possession. The testimony showed that appellant, in Pensacola, at the scene of recovery, claimed ownership of the vehicle, presented a bill of sale for it to the officer who recovered it, had shortly before that time told the same officer that he had loaned his car to a friend who had not returned it, and, moreover, under proper circumstances, had admitted to an agent of the Federal Bureau of Investigation that he, in fact, had gone from Chicago to Pensacola in the automobile. Thus, we perceive no error in this particular aspect of the charge. As to the other errors laid to the charge, to which no exception was taken, weighed against an evaluation of the total charge, we find ourselves wholly unable to detect plain error.

The facts recited in the preceding paragraph were more than enough to avoid a directed verdict of acquittal.

Affirmed.